UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM BA NGUYEN, | No. 2:13-cv-963-EFB P |
| Plaintiff, | |
| v. | SCREENING ORDER |
| CALIFORNIA PRISON HEALTH SERVICE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  He has paid the filing fee.

**I.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**II.    Screening Order**

The court has reviewed plaintiff's complaint and for the limited purposes of § 1915A screening and liberally construed, finds that it states a potentially cognizable Eighth Amendment deliberate indifference claim against defendant doctors Osman and Champen for their purported delay in ordering plaintiff a soft food diet.[2] The standards for stating an Eighth Amendment deliberate indifference to medical needs claim pursuant to 42 U.S.C. § 1983 are discussed below.

---

[2] In addition to several "Doe" defendants, the complaint also names California Prison Health Service, R.L. Andreason, and Nathanial Elam as defendants.


Under those standards, plaintiff's remaining allegations are dismissed for failure to state a cognizable claim for relief.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

State agencies, such as "California Prison Health Service," are immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies); *see also Hafer v. Melo*, 502 U.S. 21, 30 (1991) (clarifying that Eleventh Amendment does not bar suits against state officials sued in their individual capacities, nor does it bar suits for prospective injunctive relief against state officials sued in their official capacities). In addition, California Prison Health Service is not a "person" for purposes of section 1983. Accordingly, defendant California Prison Health Service is dismissed from this action.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if

he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976)); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Plaintiff alleges that defendants Andreason and Elam were deliberately indifferent to his medical needs through their responses to his administrative appeal.  Plaintiff claims they should have ordered him a soft food diet and ensured that he received additional medical attention for the pain in his left shoulder, including a consultation with an orthopedic specialist.  Plaintiff attaches defendants' responses to his complaint.  Andreason's response, dated August 31, 2010, notes that a soft food diet was ordered for plaintiff on August 11, 2010.  *See* ECF No. 1 at 57.  It also notes that plaintiff had received medical attention for his left shoulder in the previous months, including an MRI, pain medication, and an orthopedic referral. *See id.* at 56-58.  Elam's response, dated October 14, 2010, notes that plaintiff's left shoulder was examined by an orthopedic surgeon on October 7, 2010. *See id.* at 81.  Defendants' alleged failure to order a soft food diet or refer plaintiff to an orthopedic specialist, when those orders had already been issued, does not constitute deliberate indifference.  Plaintiff's factual allegations fail to demonstrate how either defendant responded to his medical needs with deliberate indifference.

Moreover, there are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process

1  because prisoners lack a separate constitutional entitlement to a specific prison grievance system).
2  Thus, plaintiff may not impose liability on a defendant simply because he played a role in
3  processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)
4  (an administrative "grievance procedure is a procedural right only, it does not confer any
5  substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest
6  requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus,
7  defendants' failure to process any of Buckley's grievances, without more, is not actionable under
8  section 1983." (internal quotations omitted)).

9       Lastly, plaintiff's inclusion of "Doe" defendants is improper, as the use of Doe defendants
10 in federal court is problematic, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), and
11 ultimately unnecessary.  Rather, the Federal Rules of Civil Procedure, not state procedural rules
12 and practice, govern how pleadings may be amended to add new parties in a federal civil action.
13 Should plaintiff learn the identities of parties he wishes to serve, he must promptly move pursuant
14 to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add them as
15 defendants.  *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003).  If the
16 timing of his amended complaint raises questions as to the statute of limitations, plaintiff must
17 satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants
18 whose identities were discovered after commencement of the action.  Additionally, unknown
19 persons cannot be served with process until they are identified by their real names and the court
20 will not investigate the names and identities of unnamed defendants.

21      Thus, plaintiff may proceed on his Eighth Amendment deliberate indifference claims
22 against defendants Osman and Champen, or he may amend his complaint to attempt to cure the
23 deficiencies in the remaining allegations.  Plaintiff is not obligated to amend his complaint.

24      Any amended complaint must be written or typed so that it complete in itself without
25 reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint
26 supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed
27 complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467,
28 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated

5

thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).  Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Accordingly, IT IS HEREBY ORDERED that:

1. The allegations in the pleading are sufficient at least to state potentially cognizable Eighth Amendment deliberate indifference claims against defendants Osman and Champen.  *See* 28 U.S.C. § 1915A.

2. Defendants California Prison Health Service, R.L. Andreason, and Nathanial Elam are dismissed with leave to amend within 30 days of service of this order.  Plaintiff is not obligated to amend his complaint.

3. If plaintiff wishes to have the United States Marshal serve the complaint on defendants Osman and Champen, he must file a request for leave to proceed in forma pauperis within 30 days from the date of this order.  If plaintiff does not file such a request, or if the court denies any such request, plaintiff will be directed to proceed with service without the assistance of the United States Marshal.

4. The Clerk of the Court is directed to mail to plaintiff a form application for leave to proceed in forma pauperis.

5. Failure to comply with this order may result in the dismissal of this action.

DATED: July 2, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE