UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM BA NGUYEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA PRISON HEALTH SERVICE, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-963-MCE-EFB P<br><br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] On July 22, 2015, the United States Marshal returned service unexecuted as to defendant Andreason on the grounds that the defendant is deceased. ECF No. 21. Plaintiff now moves to substitute parties pursuant to Rule 25 of the Federal Rules of Civil Procedure. ECF No. 25. Plaintiff requests that defendant Andreason be substituted with "Lotenstein," reasoning that it was actually Lotenstein, and not Andreason, who signed the response to plaintiff's administrative appeal. *Id.* As explained below, plaintiff's motion should be denied and defendant Andreason dismissed from this action.

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

1

The proper party for substitution under Rule 25(a)(1) is the legal representative of the deceased party, such as the executor of the deceased's will, or an administrator of his or her estate. *Mallonee v. Fahey*, 200 F.2d 918, 919-20 (9th Cir. 1952). Lotenstein may not properly be substituted for Andreason under Rule 25(a)(1), as he or she is not Andreason's legal representative.

In addition, Rule 25(d) allows for a decedent's successor to be automatically substituted as a party if the decedent was named as a party in his official capacity. Substitution is thus proper where "the successor of an officer adopts or continues or threatens to adopt or continue the action of his predecessor in enforcing a law averred to be in violation of the Constitution of the United States." *Mallonee*, 200 F.2d at 919-20. Plaintiff did not sue Andreason in his official capacity and even if he had, plaintiff provides no basis for holding Lotenstein liable as Andreason's successor. Thus, substitution of Lotenstein is not proper under Rule 25(d).

Plaintiff has been warned that Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effected within 120 days of the filing of the complaint absent a showing of good cause. ECF No. 23. Plaintiff has not identified a proper party for substitution of defendant Andreason and has failed to establish the requisite good cause to avoid dismissal under Rule 4(m).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's Rule 25 motion (ECF No. 25) be denied and defendant Andreason be dismissed from this action pursuant to Rule 4(m).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

/////
/////
/////
/////

2

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:   December 1, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE