1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    NAM BA NGUYEN,                              No.  2:13-cv-963-MCE-EFB P

12                  Plaintiff,

13         v.                                      ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    CALIFORNIA PRISON HEALTH
      SERVICE, et al.,,

15

16                  Defendants.

17

18         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

19    U.S.C. § 1983.  He alleges that the named defendants violated his Eight Amendment rights by

20    deliberate indifference to his medical needs. ECF No. 15.  Pending before the court are plaintiff's

21    motion for appointment of counsel, ECF No. 43, and defendant Nathanial K. Elam's motion to

22    dismiss, ECF No. 32.[1]  For the reasons stated below, plaintiff's motion to appoint counsel is

23    denied and it is recommended that defendant Elam's motion to dismiss be granted.

      **I.    Background**

24
           Plaintiff alleges that he suffered various injuries after being attacked by one of his
25
      cellmates on May 21, 2010.  ECF No. 15 at 5-6.  The next day, he complained to medical staff
26

27
      _____
28         [1] Plaintiff has filed a response to the motion, ECF No. 41, and defendant Elam has filed a
      reply, ECF No. 42.

                                                    1

1    that the pain in his jaw and face made chewing food difficult.  *Id*. at 8.  He told an unidentified

2    nurse at the unit clinic that he believed his jaw and at least one other facial bone were broken.  *Id*.

3    Between June 2, 2010 and August 31, 2010, plaintiff alleges that medical staff inappropriately

4    delayed prescribing x-rays and a soft meal diet.  *Id*. at 9-13.  He also claims that he was denied

5    adequate pain medication for a shoulder injury that predated the May assault.  *Id*. at 12.

6         On August 31, 2010, plaintiff received a first level response to an appeal he had filed

7    regarding the purported inadequacies in his medical care.  *Id*. at 13.  Unsatisfied, he appealed to

8    level two on September 19, 2010 and, on October 18, 2010, received a denial from defendant

9    Elam which stated that his care was adequate and that money damages – which plaintiff's appeal

10   sought to recover – were beyond the scope of the appeals process.  *Id*. at 14, 85-86.  Now,

11   plaintiff alleges that defendant Elam violated his rights by failing to provide him with a soft meal

12   diet, failing to remedy the misconduct of his subordinates, and failing to "provide evidence upon

13   request" in his appeal response.  *Id*. at 16, 22-23.

14        **II.      Plaintiff's Motion to Appoint Counsel**

15        Plaintiff argues that his lack of legal training and formal education hamper his ability to

16   successfully prosecute this case.  ECF No. 43 at 2-3.  Accordingly, he requests that the court

17   appoint counsel to assist him in doing so.  *Id*.  District courts lack authority to require counsel to

18   represent indigent prisoners in section 1983 cases, however.  *Mallard v. United States Dist.*

19   *Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney

20   to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935

21   F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

22   When determining whether "exceptional circumstances" exist, the court must consider the

23   likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro

24   se in light of the complexity of the legal issues involved.  *Palmer v. Valdez*, 560 F.3d 965, 970

25   (9th Cir. 2009).  Having considered those factors, the court finds there are no exceptional

26   circumstances in this case and plaintiff's motion is denied.

27   /////

28   /////

2

1    **III.    Defendant Elam's Motion to Dismiss**

2        **A.    Legal Standards**

3        To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a

4    complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell*

5    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55, 562-63, 570 (2007)  (stating that the 12(b)(6)

6    standard that dismissal is warranted if plaintiff can prove no set of facts in support of his claims

7    that would entitle him to relief "has been questioned, criticized, and explained away long

8    enough," and that having "earned its retirement," it "is best forgotten as an incomplete, negative

9    gloss on an accepted pleading standard").  Thus, the grounds must amount to "more than labels

10   and conclusions" or a "formulaic recitation of the elements of a cause of action. *Id.* at 555.

11   Instead, the "[f]actual allegations must be enough to raise a right to relief above the speculative

12   level on the assumption that all the allegations in the complaint are true (even if doubtful in

13   fact)."  *Id.* (internal citation omitted).  Dismissal may be based either on the lack of cognizable

14   legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

15   *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

16       The complaint's factual allegations are accepted as true. *Church of Scientology of Cal. v.*

17   *Flynn*, 744 F.2d 694, 696 (9th Cir. 1984).  The court construes the pleading in the light most

18   favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks Sch. of Bus., Inc. v.*

19   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  General allegations are presumed to include

20   specific facts necessary to support the claim. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

21   (1992).

22       The court may disregard allegations contradicted by the complaint's attached exhibits.

23   *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *Steckman v. Hart Brewing,*

24   *Inc.*, 143 F.3d 1293, 1295-96 (9th Cir.1998).  Furthermore, the court is not required to accept as

25   true allegations contradicted by judicially noticed facts. *Sprewell v. Golden State Warriors*, 266

26   F.3d 979, 988 (9th Cir. 2001) (citing *Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir.

27   1987)).  The court may consider matters of public record, including pleadings, orders, and other

28   papers filed with the court. *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir.

1   1986) (abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104

2   (1991)).  "[T]he court is not required to accept legal conclusions cast in the form of factual

3   allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*

4   *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept

5   unreasonable inferences, or unwarranted deductions of fact.  *Sprewell*, 266 F.3d at 988.

6          In general, pro se pleadings are held to a less stringent standard than those drafted by

7   lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

8   such pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

9   However, the court's liberal interpretation of a pro se complaint may not supply essential

10  elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266,

11  268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

12          **B.     Analysis**

13          As a preliminary matter, the court notes that plaintiff has raised new allegations in his

14  opposition which were not included in his first amended complaint.  ECF No. 41 at 4-7.  Any

15  claims not raised in the first amended complaint will not be considered at this time.  *See*

16  *Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) ("In determining the

17  propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's

18  moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

19  Plaintiff may, however, move separately to amend his allegations.  *Moss v. U.S. Secret Service*,

20  572 F.3d 962, 972 (9th Cir. 2009) (holding that "dismissal without leave to amend is improper

21  unless it is clear, upon de novo review, that the complaint could not be saved by any

22  amendment").

23          Plaintiff identifies defendant Elam as the Chief Executive Officer of Clinical Services at

24  the California Medical Facility.  ECF No. 15 at 22.  He does not allege that defendant Elam had

25  had any direct personal involvement in his medical care.  Rather, his allegations center on the

26  manner in which defendant Elam responded to and ultimately denied his administrative appeal.

27  An inmate has no right to a specific grievance or appeal procedure.  *See Ramirez v. Galaza*, 334

28  F.3d 850, 860 (9th Cir. 2003); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).

1    Accordingly, plaintiff may not pursue a constitutional claim against defendant Elam for failing to

2    provide sufficient answers or evidence in his appeal response.  Nor does ruling against a prisoner

3    in an administrative appeal give rise to a constitutional violation in itself.  *See Wilson v.*

4    *Woodford*, No. 05-560, 2009 U.S. Dist. LEXIS 25749, at * 20 (E.D. Cal. March 27, 2009).

5    Finally, plaintiff's own allegations indicate that the issues complained of in his appeal had already

6    been resolved, albeit in a delayed manner, by the time defendant Elam received plaintiff's second

7    level appeal in September of 2010.  Plaintiff had x-rays taken on July 19, 2010, his pain

8    medication was upgraded from Tylenol to Gabapentin on July 23, 2010, and he was prescribed a

9    soft diet on August 10, 2010.  ECF No. 15 at 11-13, 81.  A reviewing official's failure to act does

10   not amount to deliberate indifference if the conduct he is investigating can no longer be remedied

11   at the time of review.  *Galik v. Nangalama*, No. 09-152, 2012 U.S. Dist. LEXIS 122439, at *30-

12   32 (E.D. Cal. Aug. 27, 2012).[2]

13          Plaintiff's claims that defendant Elam failed to correct his subordinates' misconduct also

14   do not, as currently alleged, state a viable Eighth Amendment claim.  A supervisory defendant

15   cannot be held liable based solely on a theory of *respondeat superior*.  *Ashcroft v. Iqbal*, 556 U.S.

16   662, 677 (2009) ("officials may not be held liable for the unconstitutional conduct of their

17   subordinate under a theory of respondeat superior").  Nor will general allegations about a

18   defendant's supervisory authority suffice.  *Henry A. v. Willden*, 678 F.3d 991, 1004 (9th Cir.

19   2012).  In both his complaint and his opposition, plaintiff vaguely alleges that defendant Elam

20   had the power to alter policy and to control subordinate medical staff.  ECF No. 15 at 23; ECF

21   No. 41 at 7-11.  These allegations never allude to any specific instances of supervisory

22   misconduct, however, and fail on that basis.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

23   (holding that "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires

24

25          [2] Plaintiff argues that *Galik* is distinguishable from this case insofar as the administrator in
     *Galik* provided additional specificity in his appeal response and took "full responsibility" for
26   investigating the claimant's concerns.  ECF No. 41 at 15.  Accepting these contentions as true,
     they do nothing to alter the proposition for which this case has been cited.  Plaintiff may wish that
27   either the form of defendant Elam's response or the manner in which he conducted his
     investigation were different, but these complaints do not give rise to viable constitutional claims.
28

1  more than labels and conclusions, and a formulaic recitation of a cause of action's elements will

2  not do.") (internal quotations omitted).

3      **IV.    Order and Recommendation**

4      Accordingly, it is ORDERED that plaintiff's motion to appoint co-counsel (ECF No. 43)

5  is DENIED.

6      Further, it is RECOMMENDED that defendant Elam's motion to dismiss (ECF No. 32)

7  be GRANTED and that plaintiff be granted an opportunity to amend his claim against defendant

8  Elam within 30 days of any order adopting this recommendation.[3]

9      These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

14  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

15  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

16  DATED:  August 2, 2016.

17                        EDMUND F. BRENNAN

18                        UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25      [3] Any amended complaint, however, must include all intended claims for relief because an

26  amended complaint supersedes any earlier filed complaint, and once an amended complaint is
   filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v.*

27  *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original,
   the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th

28  Cir. 1967)).