UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM BA NGUYEN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA PRISON HEALTH SERVICE, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-963-MCE-EFB P<br><br><br>ORDER |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] On September 6, 2016, defendant Elam filed a motion to dismiss on the ground that the second amended complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). On September 15, 2016, the court extended plaintiff's deadline to oppose the motion to December 27, 2016.[2] ECF No. 55. Plaintiff has not filed an opposition or a statement of non-opposition to defendant's motion.

Pursuant to Local Rule 230(*l*), which applies to defendant's motion to dismiss (*see* ECF No. 19, ¶ 9), an "[o]pposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21), days after the date of service of the motion." *Id*.

---

[1] According to defendants, plaintiff was paroled on September 8, 2016, and subsequently taken into custody of U.S. Immigration and Customs Enforcement. *See* ECF No. 52.

[2] Plaintiff's October 3, 2016 request for an extension of time (ECF No. 57) is therefore denied as moot.

1

A responding party's failure "to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*.

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110.  The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby ORDERED that:

1. Within 21 days of the date of this order, plaintiff shall file either an opposition to the motion to dismiss or a statement of no opposition.  Failure to comply with this order may result in a recommendation that this action be dismissed without prejudice.

2. Plaintiff's request for an extension of time (ECF No. 57) is denied as moot.

DATED: January 10, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2