UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAM BA NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA PRISON HEALTH SERVICE, et al.,<br><br>Defendants. | No. 2:13-cv-0963-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On October 17, 2018, the court ordered plaintiff to file a pretrial statement within 30 days. ECF No. 93. Despite a lengthy extension of time, plaintiff has not filed a pretrial statement and the court recommends that this action be dismissed for failure to prosecute.

The October 17 order warned plaintiff that his failure to file a pretrial statement could result in the imposition of sanctions, including dismissal of this action. *Id.* On January 4, 2019, plaintiff requested a 60-day extension of time. ECF No. 97. The court granted his request. ECF No. 98. The extended deadline for filing a pretrial statement has passed, and plaintiff has failed to comply with or otherwise respond to the court's most recent order. Despite the warning that failure to file a pretrial statement could result in dismissal, and ample time within which to prepare and file a pretrial statement, plaintiff has disobeyed this court's order and failed to prosecute this action. The appropriate action is dismissal without prejudice.

1

A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000). Here, the first two *Ferdik* factors support dismissal, as it appears that the court is devoting its limited judicial resources to this action despite plaintiff's apparent intent to abandon it. Moreover, plaintiff's failure to comply with court orders and Local Rules delays the progress of this litigation, likely causing prejudice to defendant. In addition, the court has already warned plaintiff that his failure to file a pretrial statement could result in dismissal, and monetary sanctions would be futile given plaintiff's indigent status. Having considered the *Ferdik* factors, and in light of plaintiff's failure to prosecute this action by filing a pretrial statement as directed, the court finds that dismissal of this action is appropriate.

Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. Local Rule 110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing pro se plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for pro se plaintiff's failure to comply with local rule regarding notice of change of address affirmed).

Accordingly, it is hereby RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b); E.D. Cal. Local Rule 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 10, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE